

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | | Logon |

**14SL-AC18552 - GUDRUN I GRACE V PORTFOLIO RECOVERY ASSOCIATES, LL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending   Display Options: All Entries

**11/13/2014**   **Notice of Court Hearing Sent**
  **Hearing Scheduled**
    Scheduled For: 12/03/2014; 9:00 AM ; JUDY PREDDY DRAPER; St Louis County
  **Hearing Continued/Rescheduled**
    Hearing Continued From: 11/26/2014; 9:00 AM Hearing

**10/28/2014**   **Corporation Served**
  Document ID - 14-ASOS-796; Served To - PORTFOLIO RECOVERY ASSOCIATES LLC; Server - ; Served Date - 20-OCT-14; Served Time - 13:27:15; Service Type - Special Process Server; Reason Description - Served
  **Notice of Service**
  Notice of return service.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** GUDRUN I GRACE

**10/17/2014**   **Summ Req-Assc Pers Serv**
  Request for Appointment of Special Process Server Filed.
  **Summ Issd- Assc Pers Serv O/S**
  Document ID: 14-ASOS-796, for PORTFOLIO RECOVERY ASSOCIATES LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
  **Hearing Scheduled**
    Associated Entries:11/13/2014 - Hearing Continued/Rescheduled
    Scheduled For: 11/26/2014; 9:00 AM ; JUDY PREDDY DRAPER; St Louis County
  **Hearing Continued/Rescheduled**
    Hearing Continued From: 10/22/2014; 9:00 AM Hearing
  **Summons Withdrawn**
  Document ID - 14-ASOS-533; Served To - PORTFOLIO RECOVERY ASSOCIATES LLC; Server - ; Served Date - 17-OCT-14; Served Time - 11:25:48; Service Type - Special Process Server; Reason Description - Recalled for Re-Issuance
  **Notice of Service**
  Return summons lost non serve.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** GUDRUN I GRACE
  **Motion Special Process Server**
  Request for SPS.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** GUDRUN I GRACE
  **Alias Summons Requested**
  MOtion for alias summons; Exhibit 1.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

**09/15/2014**   **Hearing Scheduled**
    Associated Entries:10/17/2014 - Hearing Continued/Rescheduled
    Scheduled For: 10/22/2014; 9:00 AM ; JUDY PREDDY DRAPER; St Louis County
  **Hearing Continued/Rescheduled**
    Hearing Continued From: 09/17/2014; 9:00 AM Hearing
  **Motion for Continuance**
  Motion to continue.

**EXHIBIT A**

| | |
|---|---|
| | **Filed By:** RICHARD ANTHONY VOYTAS Jr.<br>**On Behalf Of:** GUDRUN I GRACE |
| 08/20/2014 | **Motion for Sub of Counsel**<br>Withdrawal as Counsel - Nathan Bader.<br>**Filed By:** NATHAN KENNEDY BADER<br>**On Behalf Of:** GUDRUN I GRACE |
| 08/15/2014 | **Hearing Scheduled**<br>Associated Entries:09/15/2014 - Hearing Continued/Rescheduled<br>Scheduled For: 09/17/2014; 9:00 AM; JUDY PREDDY DRAPER; St Louis County<br>**Hearing Continued/Rescheduled**<br>Hearing Continued From: 08/20/2014; 9:00 AM Hearing<br>**Motion for Continuance**<br>Motion to continue.<br>**Filed By:** NATHAN KENNEDY BADER<br>**On Behalf Of:** GUDRUN I GRACE |
| 07/10/2014 | **Summons Issued-Associate**<br>Document ID: 14-ASOS-533, for PORTFOLIO RECOVERY ASSOCIATES LLC.<br>**Hearing Scheduled**<br>Associated Entries:08/15/2014 - Hearing Continued/Rescheduled<br>Scheduled For: 08/20/2014; 9:00 AM; JUDY PREDDY DRAPER; St Louis County |
| 07/07/2014 | **Filing Info Sheet eFiling**<br>**Filed By:** NATHAN KENNEDY BADER<br>**Summ Req-Assc Pers Serv**<br>Request for Appointment of Process Server.<br>**Filed By:** NATHAN KENNEDY BADER<br>**On Behalf Of:** GUDRUN I GRACE<br>**Pet Filed in Associate Ct**<br>Petition.<br>**Judge Assigned**<br>DIVISION 41 WEDNESDAY |



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 14SL-AC18552 |
| Plaintiff/Petitioner:<br>GUDRUN I GRACE<br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr.<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108<br>(314) 932-1068 |
| Defendant/Respondent:<br>PORTFOLIO RECOVERY ASSOCIATES LLC | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>26-NOV-2014 09:00 AM<br>DIVISION 41 WEDNESDAY<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to: PORTFOLIO RECOVERY ASSOCIATES LLC
Alias:
CORPORTATION SERVICE COMPANY
BANK OF AMERICA CENTER 16th FL
1111 EAST MAIN STREET
RICHMOND, VA 23219

**COURT SEAL OF**

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

_____10-17-2014_____      _____
Date                               Clerk

Further Information:
PM

### Officer's or Server's Affidavit of Service

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state); on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

|  | Subscribed and Sworn to before me this _____ (date). |
|---|---|
| (Seal) | I am: (check one) ☐ the clerk of the court of which affiant is an officer.<br>☐ the judge of the court of which affiant is an officer.<br>☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)<br>☐ authorized to administer oaths. (use for court-appointed server) |
|  | _____<br>Signature and Title |

**Summons Fees, if applicable**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ (_____ miles @ $ ._____ per mile)
Total      $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**14SL-AC18552**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **GUDRUN I. GRACE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC** ) | |
| ) | |
| Serve at: ) | |
| Corporation Service Company ) | |
| Bank of America Center, 16th Floor ) | |
| 1111 East Main Street ) | |
| Richmond, VA 23219 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Gudrun I. Grace, ("Plaintiff") and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff in St. Louis County, Missouri. Venue is also proper in St. Louis County, Missouri for this reason.

1

Electronically Filed - St Louis County - July 07, 2014 - 11:12 AM

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant Portfolio Recovery Associates, LLC ("Defendant") is, upon information and belief, a foreign limited liability company with its principal place of business located in Norfolk, Virginia.

6. Defendant engages in business, the principal purpose of which is the collection of debts in Missouri and nationwide, and it regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Defendants' collection efforts consisted of telephone calls to Plaintiff's cell phone.

10. Defendant's calls to Plaintiff's cell phone began in March 2014.

11. Defendant called Plaintiff multiple times a week in an attempt to collect the alleged debt.

12. Plaintiff incurred charges for Defendant's calls.

Electronically Filed - St Louis County - July 07, 2014 - 11:12 AM

13. On or about April 12, 2014, Defendant called Plaintiff's cell phone and told her it was going to initiate a lawsuit against her and then accused and chastised her for purposefully running up debts and not paying them.

14. Defendant told Plaintiff in sarcastic and harassing fashion, "What do you do, shop in the mall, run up debts and not pay them?"

15. The alleged debt, in reality, is thirteen (13) years old and is time-barred. Thus, Defendant was trying to blatantly manipulate Plaintiff into paying a time-barred debt using the litigation scare tactics.

16. In subsequent calls, Defendant continued to threaten Plaintiff with litigation.

17. Additionally, Defendants either knew or should have known that the debt did not even belong to Plaintiff.

18. Unbeknownst to Plaintiff, her deceased husband had opened up an account with the original creditor. At all times relevant, the account belonged to Plaintiff's husband and not to Plaintiff.

19. Plaintiff never signed an account agreement or asked to be added as a cardholder with respect to the underlying debt.

20. Plaintiff never agreed in any fashion to be responsible for paying the underlying debt.

21. Following Plaintiff's husband's death, the debt was forgiven as demonstrated by a 2002 1099 tax form, yet Defendant was still attempting to collect the forgiven debt in 2014.

22. Plaintiff decided to hire an attorney to represent her with respect to the debt Defendant was attempting to collect.

23. On April 18, 2014, Plaintiff called Defendant to obtain some information about the nature of the alleged debt and to inform Defendant that she was represented by counsel.

24. During this call, Defendant told Plaintiff that it did not know whether Plaintiff would be sued on the debt.

25. While this statement backed off of Defendant's earlier threats of litigation, it was still false and misleading because Defendant knew with certainty that it could not sue Plaintiff and simply should have told this to Plaintiff.

26. During the call, Plaintiff provided her attorney's name and number and told Defendant that the attorney represented her on the debt Defendant was trying to collect.

27. Defendant failed to cease communication with Plaintiff and stop its collection efforts once it learned that she was represented by counsel.

28. Specifically, Defendant told Plaintiff that Plaintiff, not her attorney, would need to handle the dispute of the debt.

29. Defendant indicated that it would send future correspondence about the debt and the dispute to Plaintiff, not her counsel.

30. Defendant should have simply taken Plaintiff's counsel's name and number and stopped communicating with Plaintiff.

31. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes with Defendant.

32. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

Electronically Filed - St Louis County - July 07, 2014 - 11:12 AM

Electronically Filed - St Louis County - July 07, 2014 - 11:12 AM

34. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 U.S.C. 1692 et. seq.*, including, but not limited to, the following:

   a. Using false, deceptive and misleading tactics in order to collect the debt. 15 U.S.C. § 1692e.

   b. Continuing to communicate with Plaintiff after discovering that Plaintiff was represented by an attorney with respect to the alleged debt and while also knowing such attorney's name and phone number. 15 U.S.C. § 1692c.

   c. Engaging in deceptive, harassing, and unfair collection tactics. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

   E. For such other relief as the Court may deem just and proper.

Electronically Filed - St Louis County - July 07, 2014 - 11:12 AM

VOYTAS & COMPANY

/s/ Richard A. Voytas, Jr.

---

**RICHARD A. VOYTAS, #52046**
**Voytas & Company**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**